ichiharacce
LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM

MAR 19 2008 nba

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 08-00020 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **INDICTMENT** |
| | ) | |
| | ) | **CONTINUING CRIMINAL ENTERPRISE** |
| | ) | [21 U.S.C. §§ 848(a) & (c)] (Count I) |
| vs. | ) | **CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE** |
| | ) | [21 U.S.C. §§ 841(a)(1) & 846] (Count II & III) |
| | ) | **DISTRIBUTION OF METHAMPHETAMINE** |
| | ) | [21 U.S.C. § 841(a)(1)] (Count IV) |
| | ) | **IMPORTATION OF METHAMPHETAMINE** |
| | ) | [21 U.S.C. §§ 952 & 960] (Count V) |
| | ) | **POSSESSION OF METHAMPHETAMINE WITH INTENT TO DISTRIBUTE** |
| RICHARD JOHN ICHIHARA, JACKIE YONG LEE, KUM SOON YOO, and WON YIEL LEE, | ) | [21 U.S.C. § 841(a)(1)] (Count VI & VII) |
| | ) | **MONEY LAUNDERING** |
| | ) | [18 U.S.C. § 1956(a)(1)(B)(I)] (Count VIII) |
| Defendants. | ) | **FORFEITURE ALLEGATION** |
| | ) | [21 U.S.C. § 853(a)] (Count IX & X) |

THE GRAND JURY CHARGES:

## COUNT I - CONTINUING CRIMINAL ENTERPRISE

Beginning on or about January, 2004, the exact date being unknown to the Grand Jury and continuing until the time of this Indictment, in the District of Guam and elsewhere, the defendant herein, RICHARD JOHN ICHIHARA, did knowingly and intentionally violate Title

21, United States Code, §§ 841(a)(1), 846, 952(a), and 963, by doing and causing the distribution of methamphetamine, conspiring to distribute methamphetamine, causing and doing the importation and attempted importation of methamphetamine into the United States from a place outside thereof, as alleged in Counts II, III, IV, V, VI, VII, and VIII of this Indictment, which counts are incorporated by reference herein, which violations were part of a continuing series of violations of the above narcotics offenses undertaken by RICHARD JOHN ICHIHARA, in concert with at least five other persons with respect to whom defendant RICHARD JOHN ICHIHARA occupied a position of organizer, a supervisory position, and other position of management, and from which the defendant RICHARD JOHN ICHIHARA obtained substantial income and resources,

ALL IN VIOLATION of Title 21, United States Code, Sections 848(a) and 848(c).

## SPECIAL ALLEGATION

It is further alleged that while engaged in the continuing criminal enterprise alleged in Count I herein, the defendant, RICHARD JOHN ICHIHARA, was the principal administrator, organizer, and leader of the enterprise and was one of several such principal administrators, organizers, and leaders, and the violations of Title 21, United States Code, Sections 841(a)(1), 846, 952(a), 960 and 963 alleged in Counts II, etc. of the Indictment and incorporate by reference herein, involved at least 3,000 grams of methamphetamine, its salts, isomers, and salts of its isomers and at least 30,000 grams of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Section 848(b).

## COUNT II - CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE

Beginning on or about January 1, 2004, the exact date being unknown to the Grand Jury, and continuously thereafter, up to and including the date of this Indictment, in the District of Guam and elsewhere, the defendants herein, RICHARD JOHN ICHIHARA, JACKIE YONG LEE, KUM SOON YOO, and WON YIEL LEE, did knowingly and intentionally combine,

2

conspire, confederate, and agree together with each other and other individuals, both known and unknown to the Grand Jury, to distribute more than 50 grams net weight of methamphetamine hydrochloride (ice), in violation of Title 21, United States Code, Sections 841(a)(1) & 846.

### OBJECT OF THE CONSPIRACY

The object of the conspiracy was for the defendants to obtain methamphetamine hydrochloride (ice) in California and elsewhere, transport it to Guam and distribute said methamphetamine for profit.

### OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, the defendants and others performed the following overt acts, among others:

1. On October 4, 2007, Naoyuki Inoue and KUM SOON YOO flew from Guam to Los Angeles for the purposes of purchasing two kilograms of methamphetamine hydrochloride (ice) from WON YIEL LEE.

2. On or about October 4, 2007, Naoyuki Inoue and KUM SOON YOO paid WON YIEL LEE approximately $80,000 for two kilograms of methamphetamine hydrochloride (ice).

3. Naoyuki Inoue carried approximately two kilograms of methamphetamine hydrochloride (ice) back to Guam. Upon his arrival, the ice was divided between Inoue, JACKIE YONG LEE, RICHARD JOHN ICHIHARA, and others, for distribution on Guam.

4. RICHARD JOHN ICHIHARA distributed the methamphetamine to Raymond Duenas, Lourdes Duenas, Naoyuki Inoue, Leyton Borja, and others for distribution on Guam.

ALL IN VIOLATION OF Title 18, United States Code, § 2 and Title 21, United States Code, §§ 841(a)(1) & 846.

### COUNT III - CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE

Beginning on or about January 1, 2004, the exact date being unknown to the Grand Jury, and continuously thereafter, up to and including the date of this Indictment, in the District of Guam and elsewhere, the defendants herein, RICHARD JOHN ICHIHARA and JACKIE YONG

3

LEE, did knowingly and intentionally combine, conspire, confederate, and agree together with each other and other individuals, both known and unknown to the Grand Jury, to distribute more than 3,000 grams of methamphetamine hydrochloride (ice), its salts, isomers, and salts of its isomers and more than 30,000 grams of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers,

ALL IN VIOLATION of Title 21, United States Code, Sections 841(a)(1) & 846.

### COUNT IV - DISTRIBUTION OF METHAMPHETAMINE

Beginning on or about January 1, 2004, the exact date being unknown to the Grand Jury, and continuously thereafter, up to and including the date of this Indictment, in the District of Guam and elsewhere, the defendant herein, RICHARD JOHN ICHIHARA did distribute more than 3,000 grams of methamphetamine hydrochloride (ice), its salts, isomers, and salts of its isomers and more than 30,000 grams of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers,

ALL IN VIOLATION of Title 18, United States Code, Section 2 and Title 21, United States Code, Section 841(a)(1).

### COUNT V - IMPORTATION OF METHAMPHETAMINE

On or about December 3, 2007, in the District of Guam and elsewhere, the defendant herein, RICHARD JOHN ICHIHARA, did intentionally and knowingly import into the United States from a place outside thereof, approximately 18 grams net weight of methamphetamine hydrochloride (ice), a Schedule II controlled substance,

ALL IN VIOLATION of Title 21, United States Code, Sections 952 and 960.

### COUNT VI - POSSESSION OF METHAMPHETAMINE WITH WITH INTENT TO DISTRIBUTE

On or about December 22, 2005, in the District of Guam, the defendant herein, RICHARD JOHN ICHIHARA, did knowingly possess with intent to distribute approximately 24 grams net weight of methamphetamine hydrochloride (ice), a Schedule II controlled substance,

ALL IN VIOLATION of Title 21, United States Code, Section 841(a)(1).

4

## COUNT VII - POSSESSION OF METHAMPHETAMINE WITH WITH INTENT TO DISTRIBUTE

On or about February 3, 2008, in the District of Guam, the defendant herein, RICHARD JOHN ICHIHARA, did knowingly possess with intent to distribute approximately 23.35 grams net weight of methamphetamine hydrochloride (ice), a Schedule II controlled substance,

ALL IN VIOLATION of Title 21, United States Code, Section 841(a)(1).

## COUNT VIII - MONEY LAUNDERING

On or about August 6, 2007, in the District of Guam, the defendant herein, RICHARD JOHN ICHIHARA, did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to-wit: presented to Jackie Lee a TRS Tavern check drawn on BankPacific account number 7002000398 in the sum of $612.22, which involved the proceeds of a specified unlawful activity, to-wit: conspiracy to distribute methamphetamine as alleged in Count III and distribution of a controlled substance, as alleged in Count IV of this Indictment, knowing that the transaction was designed in whole and in part to conceal and disguise the nature of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct said financial transaction the defendant knew that the property involved in the financial transaction to-wit: a monetary instrument in the amount of $612.22, represented the proceeds of some form of unlawful activity,

ALL IN VIOLATION of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT IX - FORFEITURE ALLEGATION

Upon conviction of one or more of the controlled substance offenses alleged in Counts I, II, III, IV, V, VI, VII, and VIII of this Indictment, the defendant RICHARD JOHN ICHIHARA, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

1) approximately $13,930 in United States Currency;

2) approximately $9,604 in United States Currency;

3) approximately $38,975 in United States Currency;

4) a sum of money equal to $1,000,000 in United States currency, representing the amount of proceeds obtained as a result of the offense charged in Count I, Continuing Criminal Enterprise; Counts II and III, Criminal Conspiracy; and Count IV, Distribution.

## COUNT X - FORFEITURE ALLEGATION

Upon conviction of one or more of the controlled substance offenses alleged in Counts II, and III, of this Indictment, the defendant JACKIE YONG LEE, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

1) approximately $28,900 in United States Currency;

2) a sum of money equal to $300,000 in United States currency, representing the amount

//
//
//
//
//
//
//
//
//
//
//

6

of proceeds obtained as a result of the offenses charged in Count II charging Criminal Conspiracy and Count III charging Distribution of Methamphetamine..

Dated this 19th day of March, 2008.

A TRUE BILL.



LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: /s/ KARON V. JOHNSON
KARON V. JOHNSON
Assistant U.S. Attorney

Reviewed:

By: /s/ JEFFREY J. STRAND
JEFFREY J. STRAND
First Assistant U.S. Attorney

7