Ichihara.PRE

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 08-00020 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RICHARD JOHN ICHIHARA, ) | |
| JACKIE YONG LEE, ) | |
| KUM SOON YOO, and ) | |
| WON YIEL LEE, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PRELIMINARY ORDER OF FORFEITURE**

On May 5, 2008, defendant RICHARD JOHN ICHIHARA, pled guilty to certain counts in an Indictment charging him with Continuing Criminal Enterprise (Count I), in violation of Title 21, United States Code, Sections 848(a), (b) and (s); Conspiracy to Distribute Methamphetamine Hydrochloride (Count II), in violation of Title 21, United States Code, Sections 841(a)(1) and 846; Money Laundering (Count VIII), in violation of Title 18, United States Code, Section 1956(a)(1)(B)(I), and Forfeiture (Count XI), in violation of Title 21, United States Code, Section 853.

On May 2, 2008, co-defendant JACKIE YONG LEE pled guilty to certain counts in an Indictment charging her with Conspiracy to Distribute 3,000 grams net weight of Methamphetamine Hydrochloride "ice" (Count III), in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and Forfeiture (Count X), in violation of Title 21, United States Code, Section 853.

Both defendants have agreed to the forfeiture of the properties listed below.

**IT IS HEREBY ORDERED THAT:**

1. In Count IX of the Indictment filed on March 19, 2008 against defendant RICHARD JOHN ICHIHARA, the United States sought forfeiture of Cash Proceeds in the approximate amounts as follows:

    (a)    $28,875.00 U.S. Currency, Asset ID No. 08-DEA-495469;
    (b)    $2,886.00 U.S. Currency, Asset ID No. 08-DEA-495484;
    (c)    $3,110.00 U.S. Currency, Asset ID No. 08-DEA-495492;
    (d)    $9,604.00 U.S. Currency, Asset ID No. 08-DEA-500326;
    (e)    $12,400.00 U.S. Currency, Asset ID No. 08-DEA-500315; and
    (f)    $1,530.00 U.S. Currency, Asset ID No. 08-DEA-500317.

2. In Count X of the Indictment filed on March 19, 2008, against JACKIE YONG LEE, the United States sought forfeiture of Cash Proceeds in the approximate amount as follows: $26,700.00 U.S. Currency, Asset ID No. 08-DEA-495505.

3. On April 29, 2008, defendant RICHARD JOHN ICHIHARA entered into a Plea Agreement that the following properties:

    (a)    $28,875.00 U.S. Currency, Asset ID No. 08-DEA-495469;
    (b)    $2,886.00 U.S. Currency, Asset ID No. 08-DEA-495484;
    (c)    $3,110.00 U.S. Currency, Asset ID No. 08-DEA-495492;
    (d)    $9,604.00 U.S. Currency, Asset ID No. 08-DEA-500326;
    (e)    $12,400.00 U.S. Currency, Asset ID No. 08-DEA-500315; and
    (f)    $1,530.00 U.S. Currency, Asset ID No. 08-DEA-500317,

are the properties of defendant, be voluntarily forfeited to the United States of America, pursuant to Title 18, United States Code, § 982(a)(1) and Title 21, United States Code, Sections 846 and 853(a)(1) and (2), as proceeds of the unlawful drug activities charged in Counts I, II, III, IV, V, VI, VII and VIII of the Indictment.

4. On May 2, 2008, JACKIE YONG LEE, entered into a Plea Agreement and that the

$26,700.00 in United States Currency, is the property of the defendant, be voluntarily forfeited to the United States of America, pursuant to Title 18, United States Code, § 982(a)(1) and Title 21, United States Code, Sections 846 and 853(a)(1) and (2), as proceeds of the unlawful drug activities charged in Counts I through VIII of the Indictment, and shall be forfeited to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations and any and all of the property of the said defendants used, or intended to be sued, in any part, to commit, or to facilitate the commission of, such violations.

5. The Court has determined, based on RICHARD JOHN ICHIHARA's and JACKIE YONG LEE's pleas that the following properties are subject to forfeiture pursuant to Title 21, United States Code, Section 853, that the defendants had an interest in such properties and that the government has established the requisite nexus between such properties and such offense. Therefore, the Court finds that the properties described below shall be forfeited to the United States:

(a) $28,875.00 U.S. Currency, Asset ID No. 08-DEA-495469;
(b) $2,886.00 U.S. Currency, Asset ID No. 08-DEA-495484;
(c) $3,110.00 U.S. Currency, Asset ID No. 08-DEA-495492;
(d) $9,604.00 U.S. Currency, Asset ID No. 08-DEA-500326;
(e) $12,400.00 U.S. Currency, Asset ID No. 08-DEA-500315;
(f) $1,530.00 U.S. Currency, Asset ID No. 08-DEA-500317; and
(g) $26,700.00 U.S. Currency, Asset ID No. 08-DEA-495505,

as properties constituting, derived from, proceeds the defendants obtained directly or indirectly, as the result of such violations or used or intended to be used in any manner or part to commit or facilitate the commission of the offense.

6. Upon the entry of this Order, the United States Marshal Service is authorized to seize the above described personal properties, whether held by the defendants or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the properties subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

7. The United States shall publish notice of the forfeiture and its intent to dispose of the properties as provided for by law. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Properties.

8. Any person, other than the above-named defendants, asserting a legal interest in the

-3-

Subject Properties may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Properties, and for an amendment of the order of forfeiture.

    9. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendants before sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2).

    10. Any petition filed by a third party asserting an interest in the Subject Properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Subject Properties, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Properties, any additional facts supporting the petitioner's claim and the relief sought.

    11. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

    12. The United States shall have clear title to the Subject Properties following the Court's disposition of all third-party interests, or, if none, following the expiration of the period for the filing of third party petitions.

    13. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

    14. The Clerk of the Court shall forward four (4) certified copies of this order to Assistant U.S. Attorney, Karon V. Johnson, U.S. Attorney's Office, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagatna, Guam 96910.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Sep 03, 2008**

-4-